UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JESUS V. GONZALES OLVERA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 17-325-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| S. BUTLER, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate-Petitioner Jesus V. Gonzales Olvera is confined at the Federal Correctional Institution ("FCI")-Manchester, in Manchester, Kentucky. Proceeding without a lawyer, Gonzales Olvera has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he seeks to challenge the validity of his underlying federal conviction and sentence. [Record No. 1].

In October 2016, Gonzales Olvera pleaded guilty to being an alien found in the United States after having been previously deported in violation of 8 U.S.C. § 1326(a) and (b). He was sentenced in January 2017 to a term of imprisonment of 37 months, to be followed by a 3-year term of supervised release. *United States v. Gonzalez-Olvera*, No. 1:16-cr-10041-JBM-JEH-1 (C.D. Ill. 2016). Gonzales Olvera did not file a direct appeal regarding his conviction or sentence. Likewise, he did not move the sentencing court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

Gonzales Olvera alleges in his § 2241 habeas petition a variety of constitutional violations regarding his underlying criminal case, including violations of due process rights under the Fourteenth Amendment, the right to be free from cruel and unusual punishment under the Eighth Amendment and rights under the Sixth Amendment. Although his petition is somewhat disjointed and difficult to follow, the gist of his claim appears to be that his rights were violated because the sentencing court failed to consider him for asylum and parole. [Record No. 1] Gonzalez Olvera also claims that his counsel was ineffective by not letting him speak at his sentencing hearing, for failing to request supervised release or asylum, and for failing to assist with filing his habeas corpus petition. [*Id*] Gonzales Olvera asks this Court to grant an emergency stay of deportation pending habeas corpus review, to allow him asylum, to review parole or supervised release and/or to toll the statute of limitations if the Court determines that his exhaustion of remedies is not final. [Record No. 1 at 9]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Gonzales Olvera's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Gonzales Olvera's § 2241 petition will be dismissed, as it constitutes an impermissible collateral attack on his conviction and sentence. While a federal prisoner may challenge the legality of his convictions or sentence in a motion pursuant to 28 U.S.C. § 2255, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 546 F.3d 442, 447 (6th Cir. 2009).

Under certain limited circumstances, "a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012). However, the Sixth Circuit has explained that this is only true when the prisoner is trying to rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In this case, Gonzales Olvera is not relying on an intervening change in the law to attack his convictions or sentence, nor does he otherwise meets the requirements set forth in either *Wooten* or *Hill*. Rather, the petitioner is attempting to litigate substantive claims that he either could have made on direct appeal or in a habeas petition filed pursuant to 28 U.S.C. § 2255. Thus, Gonzales Olvera's claims are not properly brought in a § 2241 petition filed with this Court.

Next, to the extent that Gonzales Olvera is asking this Court to stay his deportation and/or grant him asylum, these requests are not cognizable in a § 2241 petition. As an initial

matter, it is not apparent that the Government has even initiated removal proceedings against Gonzales Olvera. However, even if it has, those proceedings must be litigated in Immigration Court and then on appeal before the Board of Immigration Appeals and a federal circuit court, not this Court. Moreover, this Court has no authority to adjudicate claims for asylum. Rather, Gonzales Olvera may only apply for asylum by filing an affirmative asylum application with the United States Citizenship and Immigration Services or by applying defensively during his removal proceedings in Immigration Court. *See* Obtaining Asylum in the United States, https://www.uscis.gov/humanitarian/refugees-asylum/asylum/obtaining-asylum-united-states (last visited Dec. 14, 2014). Simply put, this Court has no authority to grant the relief Gonzales Olvera is seeking.

Gonzales Olvera has also filed a motion to stay deportation and motion to grant reports by state department on human rights in Mexico [Record No. 2] and a motion for name change and objections on case being transferred to Kentucky from Illinois. [Record No. 6] However, as Gonzales Olvera's § 2241 petition is denied, these requests for relief will also be denied. Accordingly, it is hereby

**ORDERED** as follows:

1. Gonzales Olvera's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. Gonzales Olvera's motion to stay deportation and motion to grant reports by state department on human rights in Mexico [Record No. 2] and motion for name change and objections on case being transferred to Kentucky from Illinois [Record No. 6] are **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This 14th day of December, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge